J. JONES, J.,
specially concurring.
I concur in the Court’s opinion because, despite the Referee having made several obvious mistakes in her factual findings as mentioned by the Court, the Commission corrected those mistakes in its Order Denying Reconsideration and Rehearing and the corrected decision is supported by substantial and competent evidence. I write this special concurrence because several recent cases indicate a failure on the part of the Commission to carefully review some of the Referee’s proposed findings and recommendations and correct inappropriate findings that are conspicuous from the record. See Mazzone v. Texas Roadhouse, Inc., 154 Idaho 750, 758-60, 302 P.3d 718, 726-28 (2013); Henry v. Dep’t of Correction, 154 Idaho 143, 149-56, 295 P.3d 528, 534-41 (2013) (J. Jones, J., dissenting). In this case, the Commission merely approved, confirmed, and adopted the Referee’s proposed findings of fact and conclusions of law as its own, without apparently giving the document a critical review.
Had the Commission carefully reviewed the Referee’s findings before adopting them, it would have discovered:
(1)The Referee found that “the Claimant did not file a [first report of injury] until after [a] surgical recommendation was made,” implying that she did not notify the Employer of her injury until she learned she needed surgery. The Referee was correct that the Claimant did not file an FROI because the Employer filed one, which clearly indicated that it had notice of the injury as of December 15, 2008, four months before the recommendation for surgery was made.
(2) The Referee found it to be “undisputed that Surety never paid Claimant any benefits through December 11, 2009.” In fact, the Surety did pay a number of medical expenses on Claimant’s behalf, as well as for an impairment rating exam by Dr. Walker that the Surety ordered.
(3) With regard to the testimony of Aaron, a fellow employee who testified on behalf of Claimant, the Referee found that “Aaron’s testimony is consistent with an intentional plan to assist Claimant in misleading this tribunal.” The Commission could have determined this finding to be inappropriate because the Referee continued, “[t]here is inadequate evidence to establish this as a fact; however, Aaron’s testimony alone is not credible to corroborate Claimant’s testimony about what happened on the night of her accident.”
(4) The Referee implied that Claimant’s attorney tried to influence Dr. Blair’s determination of causation, although the attorney’s letter cited in support of this finding simply does not support the implication.
The Commission is charged with the responsibility of making findings of fact and conclusions of law and a final order. Simply rubberstamping a recommended decision that contains obvious errors or inappropriate conclusions does not fulfill that responsibility.